**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee for RESIDENTIAL ACCREDIT LOANS, INC., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QS6 | ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 2017-0912-SEM |
| TIMOTHY BURLEY, | ) ) | |
| Defendant. | ) | |

## <u>ORDER FOR RULE ABSOLUTE</u>

WHEREAS, on December 22, 2017, Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QS6 (the "Plaintiff"), filed a complaint seeking an *in rem scire facias sur* mortgage and equitable subrogation related to property located at 611 North Harrison Street in Wilmington, Delaware (the "Property");[1]

WHEREAS, after the owner of the Property, Timothy Burley (the "Defendant"), answered the complaint, the Plaintiff moved for judgment on the

---

[1] Docket Item ("D.I.") 1.

pleadings which I found should be denied;[2] neither party filed exceptions to my report, and it was adopted as an order of the Court on May 21, 2020;[3]

WHEREAS, throughout discovery, motion practice continued; on June 16, 2022, I denied the Defendant's motion to dismiss and on November 29, 2022, I granted the Plaintiff's motion to compel;[4]

WHEREAS, on August 10, 2023, the Plaintiff filed the instant motion for summary judgment (the "Motion");[5] under the scheduling order, the Defendant's response to the Motion was due by September 9, 2023, yet nothing was filed;[6] thus, on October 12, 2023, I scheduled a rule to show cause hearing for November 7, 2023 (the "Hearing") directing the Defendant to appear and show cause why he failed to meet his deadline and why the Motion should not be granted as unopposed (the "Rule");[7]

WHEREAS, prior to the Hearing, on October 27, 2023, the Defendant filed a belated written response to the Motion and renewed his motion to dismiss;[8] the

---

[2] *See* D.I. 34.

[3] D.I. 35.

[4] D.I. 48, 53. I direct interested readers to the docket for the entire procedural posture, which I do not endeavor to summarize herein.

[5] D.I. 58. I do not summarize the evidentiary record supporting the Motion, which is largely undisputed. *See* D.I. 59, 63. I address the salient facts in my ruling as appropriate.

[6] *See* D.I. 55.

[7] D.I. 61.

[8] D.I. 63.

Plaintiff responded in further support of the Motion and in opposition to dismissal on November 3, 2023;[9]

WHEREAS, the Hearing began promptly at 10:00 a.m., at which time the Defendant did not appear;[10] in the Defendant's absence, I granted the Motion and denied the Defendant's motion to dismiss;[11] after the Hearing was adjourned at 10:12 a.m., the Defendant arrived and I resumed the Hearing at 10:14 a.m., heard argument on all pending matters, and took this case under advisement;[12]

WHEREAS, when a rule to show cause is issued to a party, that party bears the burden of demonstrating that the proposed action should not be taken;[13] if the party fails to meet their burden, the rule is made absolute and the proposed action undertaken;

WHEREAS, under Court of Chancery Rule 56, summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law[;]"[14] "[i]n deciding a motion for summary judgment, the facts must be viewed in the light most favorable

---

[9] D.I. 64.

[10] *See* D.I. 66.

[11] *Id.*

[12] *Id.* At the Hearing, both sides agreed to have this matter heard on the pending motions and, as such, trial was cancelled. *See id.*

[13] *See* Ct. Ch. R. 70(b).

[14] Ct. Ch. R. 56(c).

to the nonmoving party and the moving party has the burden of demonstrating that there is no material question of fact[;]"[15] under Rule 56(e): "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party[;]"

WHEREAS, the Plaintiff seeks summary judgment on either of its two alternative claims: (1) foreclosure or (2) equitable subrogation; on the first, the Plaintiff seeks to foreclosure on the Property; on the second, the Plaintiff seeks judgment in its favor and against the Plaintiff for the outstanding balance, plus interest, from the refinanced mortgage; I recommend judgment on (1) and do not reach (2);

WHEREAS, to avoid judgment, a defendant in an *in rem* foreclosure action must demonstrate the applicability of "one of three defenses: (1) payment; (2) satisfaction; or (3) avoidance of the mortgage[;]"[16]

---

[15] *Senior Tour Players 207 Mgmt. Co. LLC v. Golftown 207 Hldg. Co.*, 853 A.2d 124, 126 (Del. Ch. 2004) (citing *Tanzer v. Int'l Gen. Inds., Inc.*, 402 A.2d 382, 385 (Del. Ch. 1979)).

[16] *MidFirst Bank v. Mullane*, 2023 WL 8926867, at *2 (Del. Super. Dec. 26, 2023).

**IT IS HEREBY ORDERED** this 29th day of February 2024, as follows:

1.	The Rule is hereby made ABSOLUTE, and the Motion is, therefore, GRANTED.  Through the Rule, the Defendant was directed to appear at the Hearing and show cause why he failed to meet his deadline to respond to the Motion and why the Motion should not be granted as unopposed. The Defendant failed to meet his burden—the Defendant blames his failures on his busy life and lack of counsel.  I find neither persuasive; the Defendant was provided ample time and opportunity to participate in this action and the instructions provided to him were clear.[17] The Defendant has provided no excuse for his failure to comply with such straightforward directives. The Defendant has also failed to demonstrate why I should consider his untimely response or merit-based arguments made at the Hearing.  The Motion should, thus, be granted and the Defendant's renewed motion to dismiss denied.

2.	Even if the Defendant had provided persuasive justification for his failure to comply, the Motion succeeds on its merits. There is no dispute that: (1) the Defendant owns the Property; (2) the Defendant purchased the Property with the assistance of a mortgage company in 2004; (3) that original mortgage was refinanced in 2007; (4) through that refinancing, the original loan was satisfied and a new mortgage was executed; (5) the new mortgage was assigned to the Plaintiff; and (6)

---

[17] *See* D.I. 55.

5

the Defendant has failed to make the required payments under the new mortgage, which provides for acceleration and foreclosure for failure to pay.  The Defendant's conclusory claim of forgery in connection with the new mortgage is not sufficient to withstand summary judgment, which is amply supported by the evidentiary record. Nor has the Defendant introduced evidence supporting any other viable defense to *in rem* foreclosure, despite opportunity to develop such evidence during discovery and submit it in response to the Motion.

3.     Judgment should be entered in favor of the Plaintiff on its request for *in rem* foreclosure.

4.     This is a final report under Court of Chancery Rule 143 and exceptions may be filed under Court of Chancery Rule 144. The Plaintiff shall submit a proposed form of final judgment after the exceptions period expires.

*/s/ Selena E. Molina*
Magistrate Selena E. Molina

6